## ELECTRIC CAR CO. et al. v. NASSAU ELECTRIC R. CO.

(Circuit Court, E. D. New York. August 24, 1898.)

PATENTS—INFRINGEMENT—CONTROLLING SWITCH FOR ELECTRIC MOTORS.

The Condict patent, No. 393,323, for a controlling switch for electric motors, is infringed by a device which only differs from that described in that, when a change is made from series to multiple, instead of the resistance being cut in "at the time of changing the connections," and cut out "as soon as the new connection is made," it is cut in at the latter time and cut out subsequently.

Motion for Preliminary Injunction.

Betts, Betts, Sheffield & Betts, for complainants.

Harding & Harding, for defendant.

LACOMBE, Circuit Judge. This patent (Condict, No. 393,323, November 20, 1888, switch or controller for electric motors) was before the United States circuit court in the district of Connecticut, and was sustained as to the claims here in controversy in the case of Same Complainants v. Hartford & West Hartford R. Co., 87 Fed. 733. Reference may be had to the opinion in that case for a description of the invention and a discussion of the patent and the scope of the claims. The only question to be decided on the papers presented here is whether defendant's devices (there are four varieties of them) infringe the claims as construed in the earlier case. The additional patent introduced by defendant here was before Judge Townsend on motion for rehearing, and belongs to a different, although a cognate, art. The invention patented is a device for regulating or controlling the current delivered to an electric motor from the supply wire by combining the motors, their coils, and two or more resistances, in such different relations to each other that the intensity of the current received at the point of operation may be reduced or increased, and thus the motor may be run slowly or fast, and changed from one rate of speed to another, without jerks or sudden changes of speed, and without sparking. Among the changes of relation so made is one in the connection of the motors from series to parallel, and vice versa, necessitating an open circuit, with consequent danger from sparking, and great strain and stress from abrupt shifting of connection. "To overcome these objections," says the specification, "I have constructed my switch so that, at the time of changing the connections, I insert resistances more or less great. * * * I also so arrange the switch that the resistances are all cut out of circuit as soon as the new motor connection is made." A subsidiary invention, as found in the West Hartford Case, is the "cutting in or out of one or more of the resistances, and thereby providing an additional means of regulation where slight variations in the speed or power of the motors is required." The main invention is covered by one group of claims, Nos. 27, 28, 29, and 31; the subsidiary invention by another group, Nos. 20, 21, and 22. For a further description of the inventions, Judge Townsend's opinion may be referred to. Defendant's several devices are numbered, successively, 1, 2, 3, and 4, and it is conceded that No. 3 infringes both groups of claims, upon Judge Townsend's construction of them. It

is sought to differentiate Nos. 1, 2, and 4 by showing that when, in each of them, the change is made from series to multiple, a resistance is not cut in until after the shift of connections has been made and the circuit actually opened; in other words, that the resistance is inserted, not "at the time of changing the connections," but afterwards, and that, instead of the resistance being cut out "as soon as the new motor connection is made," it is then cut in, and subsequently cut out. It is further contended that whereas the fundamental idea of complainants' patent is to break circuit at a time when the current has been reduced by artificially damming it up temporarily by inserting resistances, defendant uses no artificial dams, but relies on an eddy or backset of the current caused by the counter electro-motive force which is developed when the motors are in action. There may be much force in this contention, but the question here presented seems to have been decided in the earlier case. The devices in that case used by the West Hartford Railroad were made by the Walker Company, and were of different types. One of these types was known as "Walker Controller, Type B 1." It breaks circuit at a time when there is no resistance in the circuit, evidently relying on the counter electro-motive force rather than on a resistance dam to reduce the current. If defendant's Nos. 1, 2, and 4 do not infringe for the reasons stated, the Walker "B 1" does not infringe; but the contrary has evidently been held at final hearing, and this court should follow that holding at this stage of the case. As to the group of claims Nos. 20, 21, and 22, defendant admits that No. 4 infringes; and, if Nos. 1 and 2 infringe the main invention of the patent, they would seem to infringe the minor one, whose only novelty consists in the use of resistances, which are cut in and out, as in the earlier art, in a switch combination which embodies the main invention. Injunction in the usual form, but an order will be made suspending its operation, as to such devices of the types Nos. 1, 2, and 4 as are now in use on defendant's road, until one month after opening of the next session of the court of appeals.