ELECTRIC CAR CO. et al. v. WALKER CO.

(Circuit Court, S. D. New York. August 25, 1898.)

PATENTS—INFRINGEMENT—CONTROLLING SWITCH FOR ELECTRIC MOTORS.
    The Condict patent, No. 393,323, for a controlling switch for electric motors, is infringed by a controller which uses the same device for regulating the current, by means of cutting in resistances, though a different method is used to prevent sparking.

Motion for Preliminary Injunction.

Frederic H. Betts, for the motion.
Chas. E. Mitchell, opposed.

LACOMBE, Circuit Judge. This is the patent which was involved in suit by Same Complainant v. Nassau Electric R. Co., 89 Fed. 204, wherein preliminary injunction was granted yesterday (viz. Condict, No. 393,323, November 20, 1888, switch or controller for electric motors), the memorandum in which case may be referred to. The de-

fendant in the suit at bar manufactured the types of controller designated "B 1" and "B 2" in the original suit against the West Hartford Railroad, decided by Judge Townsend, and which types were both held to be infringements of the claims specified.    Electric Car Co. v. Hartford & West Hartford R. Co., 87 Fed. 733.    It appears that defendant has equipped 10 cars of the Union Railway in this district with controllers of the type "B 2," and it concedes that, as to those, it is to be expected that this court, following Judge Townsend, will grant preliminary injunction.    Forty other cars of the same road, however, have been equipped with a modified type of controller, designated "S," and as to these defendant contends that it does not infringe. In this suit, as in the others, there have been prepared diagrammatic representations of the interrelations of motors, coils, and resistances in the several types of controller.    Comparing the "S" type with the "B 2" type already held to be an infringement, it will be seen that in the combination of motors and dead resistances they are substantially alike.    Indeed, the "S" type more nearly approaches the description of the patent than do some of the types shown in the Nassau Case, for resistances are cut in before the beginning of change from series to multiple, remain in until that change is completed, and are then gradually cut out.

As will appear from the opinion in the West Hartford Case, the original invention of the patent in suit was supplemented in practice by a magnetic blow-out to prevent sparking, using the original device to regulate the current.    Defendant in that suit used a noninfringing "arc-spanner" to prevent sparking, but nevertheless was held to infringe, since it still used the device of the patent in suit to regulate the current.    The "S" type seems to use this device for the same purpose, and I am unable to perceive that defendant escapes infringement by supplementing it with a solenoid instead of an arc-spanner. Taking the opinion in the West Hartford Case as a correct construction of the patent, the "S" type would seem to be more clearly an infringement than are some of the types in the Nassau Case.    Injunction may issue.    Inasmuch, however, as in the Nassau Case its operation was suspended until one month after the opening of the next session of the court of appeals, in order to give defendant an opportunity to secure a review of Judge Townsend's opinion in the West Hartford suit, if so advised, a like suspension will be accorded here.